## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | **Criminal Action No. 03-458 (RMC)** |
| ) | |
| ANTHONY LEONARD THOMAS ) | FILED |
| ) | |
| Defendant.  ) | JUN 2 5 2007 |
| ) | |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## SENTENCING MEMORANDUM

When this Court first sentenced Defendant Anthony Thomas for Unlawful Possession

of a Firearm and Ammunition by a Convicted Felon, on May 14, 2004, the United States Sentencing

Guidelines were mandatory and the Court was obligated to sentence him as an Armed Career

Criminal pursuant to 18 U.S.C. § 924(e)(1).  Defendant appealed the Court's denial of his motion

to suppress and his sentence.  The suppression ruling was sustained, but the Circuit remanded "'for

the limited purpose of allowing [the district court] to determine whether it would have imposed a

different sentence, materially more favorable to the defendant, had it been fully aware of the post-

*Booker* sentencing regime.'"  *United States v. Thomas*, No. 04-3068, Order (D.C. Cir. Nov. 18,

2005) (quoting *United States v. Coles*, 403 F.3d 764, 771 (D.C. Cir. 2005)).  Upon the parties'

petition for reconsideration, the Circuit amended its mandate and:

> **ORDERED and ADJUDGED** that the judgment of conviction be affirmed
> in accordance with the opinion issued November 18, 2005, the sentence be
> vacated, and the case be remanded for resentencing in accordance with
> *United States v. Booker*, 543 U.S. 220 (2005).  Because the parties agree
> that the record establishes a "reasonable likelihood that the sentence would
> have been lower" had the district court not applied the Sentencing
> Guidelines as though they were mandatory, *United States v. Gomez*, 431
> F.3d 818, 824 (2005), a remand for resentencing is warranted.

*United States v. Thomas*, No. 04-3068, Judgment (D.C. Cir. Apr. 21, 2006) (boldface in original).

Because on remand this Court entered a sentence that omitted an enhancement sought by the United

States, it writes this Sentencing Memorandum to explain its rationale.

## I. BACKGROUND

Defendant was named in a one-count Indictment for conduct that occurred on August

28, 2003.  He was convicted by a jury on February 23, 2004.  The offense conduct involved

possession of three guns and ammunition.  On the date of his arrest, the Defendant had waived his

rights after being Mirandized and stated that he repaired guns for people who knew him in the

neighborhood.  He said that the guns had been delivered to him only the night before.

Defendant's relevant criminal record indicates that he received in D.C. Superior Court

a dual sentence on April 29, 1992: a 4-to-12 year sentence for Distribution of Cocaine, and 1-3 years

to run concurrently for Attempt Possession with Intent to Distribute Cocaine.  Further, the Defendant

was sentenced to 60 months incarceration on June 23, 1994, for Assault with a Dangerous Weapon

for a stabbing that occurred in 1992 when he was incarcerated in Lorton Reformatory.  His next

criminal charge was the instant offense on August 28, 2003.

Based on this criminal history, the writer of the Presentence Report (PSR) concluded

that Defendant qualified as an Armed Career Criminal.  His counsel objected in writing and at the

sentencing hearing.  However, the Court relied on the PSR and found that Defendant so qualified

and that his sentence should be enhanced accordingly.  In addition, the Court noted that it was

obligated to sentence Defendant as an Armed Career Criminal because the Guidelines were

mandatory and gave the Court no option.

As noted earlier, the Court's ruling on the motion to suppress was sustained on appeal and the case was remanded for re-sentencing in light of *Booker*.

## II. ANALYSIS

Two questions were presented at the hearing to resentence Defendant: (1) was the Court's finding that Defendant qualified as an Armed Career Criminal now the "law of the case" and not subject to reconsideration; and (2) if not, what is the nature of the evidence necessary to prove the fact of the prior crimes and that they occurred on separate occasions as required by the Armed Career Criminal statute.[1]

During the course of the Defendant's appeal, the Supreme Court issued two decisions that bear directly on his re-sentencing. First, in January 2005, the Court issued *United States v. Booker*, 543 U.S. 220 (1995), which required that the Sentencing Guidelines be treated as advisory and not mandatory, in order to be constitutional. Second, in March 2005, the Court issued *Shepard v. United States*, 544 U.S. 13 (2005). *Shepard* addressed the nature of the proof needed to establish prior convictions for purposes of sentencing enhancements, holding that the requirements first outlined in *Taylor v. United States*, 495 U.S. 575 (1990), relating to jury convictions, also apply to convictions obtained by a guilty plea.

---

[1] 18 U.S.C. § 924(e)(1) provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

## A. Armed Career Criminal

The United States argues strenuously that the Court decided at Defendant's first sentencing that he qualified as an Armed Career Criminal, that Defendant did not appeal that decision to the D.C. Circuit, and that, as a result, the Court was without jurisdiction to reconsider it now. Defendant argues that the remand was not so limited but was, instead, a full remand under *Booker* so that all things could be considered. The Court finds that Defendant has the better argument.

> There are two types of *Booker* error: (1) Sixth Amendment error based upon sentencing enhancements neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt that are binding on the sentencing judge; and (2) statutory error based upon sentencing under a mandatory Guidelines system.

*United States v. Battle*, 168 Fed. Appx. 402, 403 (11th Cir. 2006). Defendant's first sentencing implicated both types of *Booker* error: (1) reliance on the PSR alone to find, over Defendant's objections, that he qualified as an Armed Career Criminal;[2] and (2) sentencing under a mandatory Guidelines system. The remand under *Booker* permits — indeed, requires — reconsideration of both errors.

In addition, "[t]here are three narrow exceptions to the law-of-the-case doctrine. A court is not bound by a prior ruling if . . . (2) there is an intervening change in the controlling law." *United States v. Patterson*, 194 Fed. Appx. 687, 690 (11th Cir. 2006). This principle of law applies here as well. The United States argued that *Shepard* did not make new law but only applied the *Taylor* factors to convictions by plea. Were that the case, the Assistant United States Attorney

---

[2] *See United States v. Jenkins*, No. 05-51291, 2007 WL 1438526, at *2 (5th Cir. May 17, 2007) ("Interpreting *Shepard*, this court holds that a district court errs when it solely relies upon the PSR's characterization of a defendant's prior offenses for enhancement purposes.").

("AUSA") would not have been so astonished when the Court refused to rely on the PSR and required some judicial documentation of the prior convictions. Indeed, were that the case, the AUSA would not have been so astonished when the Court refused to find Defendant an Armed Career Criminal based only on copies of the judgment and conviction documents from the D.C. Superior Court without sufficient evidence that Defendant's prior crimes occurred on different occasions. Whether the Court and the United States should have known that *Shephard* would naturally become the law because of *Taylor*, it cannot be said that either was so prescient. For this reason as well, the Court finds that its prior conclusion that Defendant qualified as an Armed Career Criminal can be re-visited.

### B. Evidence to Prove Armed Career Criminal Status

The statute is clear: to be found an Armed Career Criminal, a defendant must be charged as a felon in possession of a gun under 18 U.S.C. § 922(g), and have a record that consists of (1) three or more previous felony convictions for (2) a violent felony or serious drug offense, or both, that were (3) committed on different occasions. *See* 18 U.S.C. § 924(e)(1). The question, under *Shephard*, is what proof is required to show that this Defendant's record meets these statutory requirements.

*Shepard* addressed the difficulty of discerning, after the fact, the nature of a crime to which a defendant has earlier pled guilty. The precise question related to the nature of the proof necessary to find that the defendant had pled guilty to "generic burglary," *i.e.*, breaking into a building and not a car or boat, because only the former is considered a predicate violent felony in the Armed Career Criminal Act ("ACCA"). *Shepard*, 544 U.S. at 15-16 (citing *Taylor v. United States*, 495 U.S. 575 (1990)). Reginald Shepard had pled guilty to "burglary," which included unauthorized

-5-

entry into a boat or car under state law, so it was necessary to determine whether his crime was a "generic burglary" of a building or not.  In those circumstances, the Court held that a sentencing court is "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard*, 544 U.S. at 16.

Taylor and *Shepard* impose "the demanding requirement that any sentence under the ACCA rest on a showing that a prior conviction 'necessarily' involved (and a prior plea necessarily admitted) facts equating to" the factual underpinnings necessary for a district court to find the defendant an armed career criminal. *Shephard*, 544 U.S. at 24.  This is because "any fact other than a prior conviction sufficient to raise the limit of the possible federal sentence must be found by a jury, in the absence of any waiver of rights by the defendant." *Id.* at 14 (citing *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

This Defendant's sentencing hearing was repeatedly continued to give the AUSA extra time to marshal the necessary proofs.  At the final sentencing hearing on June 4, 2007, the AUSA thrust upon the Court Exhibits 2 and 3, which are the D.C. Superior Court files for Defendant's two drug convictions in that court.  The Court located and reviewed the J&Cs, which did not give dates for the crimes.  The AUSA argued that the Court should review the relevant indictments, as appropriate "charging documents" under *Shepard*, and find that the crimes were committed on different occasions.  Counsel for Defendant argued that in "pleaded cases, [the necessary judicial documentation] would be the statement of the factual basis for the charge shown by a transcript of the plea colloquy or written plea agreement presented by the Court or by a record of comparable findings of fact adopted by the defendant." *United States v. Thomas*, 03-cr-458

-6-

(RMC), Sentencing Hearing Transcript ("Tr.") at 7 (June 4, 2007).[3]  Further, "there's . . . clearly

nothing to show those dates were admitted by Mr. Thomas," who pled to a lesser included offense

and not the charged offense when he pled to Attempt Possession.  *Id.*

> And with respect to the indictments, in and of themselves [they] show
> nothing without knowing that someone made that finding down the road
> . . . . [The AUSA] is saying that you can make that determination from the
> indictment alone and that's not what *Shepard* says. Clearly, then, there has
> to be some way to determine whether [the difference in dates] was
> determined or found either admitted by the defendant or found by the trier
> of fact whether that be judge or jury.

*Id.* 7-8.

In response to the argument of the United States, the Court stated: "Seems to me that

under Supreme Court law, I cannot make that [factual] finding [of different dates] unless the

defendant has admitted to it, has been adjudicated about it, or has been found guilty by a jury because

I cannot make findings that increase his sentence above the statutory maximum for the original crime

charged unless I have judicial documentation of the kinds I just indicated to support that finding."

*Id.* at 17.  As a result, the Court found the evidence insufficient to prove a necessary fact. Without

such proof from proper judicial documentation, the Court was unable to make the necessary fact

findings without a jury.  The Court held that it would be a violation of *Booker* to resentence based

on enhancements not proved to a jury, not admitted by a defendant, or as to which a defendant has

waived his right to object.  Since none of these factors is satisfied here, the Court refused to apply

the Armed Career Criminal enhancement.[4]

---

[3] Neither party having ordered a transcript, the Court has relied upon an informal version as taken by the court reporter.  A few typos have been corrected for this opinion.

[4] The United States argued vigorously that Defendant waived his right to object to the statements in the PSR to the effect that his drug offenses occurred on different dates by not objecting to those statements. The Court overruled this argument. There is no doubt that Defendant objected

Without the enhancement, the Court found that Defendant's level of offense was 24 and his criminal history score was 9, in Category IV. The sentence suggested by the U.S. Sentencing Guidelines was in the range of 77 - 96 months. On June 4, 2007, the Court imposed a sentence of 82 months.

## C. Post-sentencing Events

When the Court turned to prepare this Sentencing Memorandum, it focused on *United States v. Battle*, 168 Fed. Appx. 402 (11th Cir. 2006), which says that *Shepard* "held that, when the prior state conviction resulted from a guilty plea, federal sentencing courts making the career-offender determination may only consider the terms of the charging document, the terms of a plea agreement, the transcript of a plea colloquy with the judge during which the factual basis for the plea was confirmed by the defendant, or some comparable judicial record of this information . . . ." *Id.* at 404. In light of this interpretation of *Shepard*, and without guidance on the point from the D.C. Circuit, the Court decided that it had misapplied *Shepard* and that it could — and should — look at the two indictments in Exhibits 2 and 3, as "charging documents" that allege different dates for the two drug offenses. On June 18, 2007, the Court notified the parties by telephone conference, on the record, that it would have to re-sentence Defendant.[5]

Counsel for the Defendant immediately objected, arguing that the Court is without

___

to the PSR's calculation that he qualified as an Armed Career Criminal, in writing and at the sentencing hearing, specifically based on counting the two drug offenses as separate prior crimes.

[5] Because, as will be seen, the Court has ultimately decided that its reasoning at the sentencing hearing was correct and that Defendant was correctly sentenced, it explains in embarrassing detail how it came to that conclusion so that the Government — which expects a sentencing memorandum that relies on "charging documents" — will know that the Court has decided otherwise.

-8-

authority to amend an oral sentence once imposed except under very limited circumstances, none of which applies to this case. *See* 18 U.S.C. § 3582(c); Fed. R. Crim. P. 35. Inasmuch as more than ten days had passed since the oral sentence was imposed, the Court could not re-sentence. In addition, counsel argued that it is well-settled law that the unambiguous oral pronouncement of a sentence is controlling over any subsequent written sentence. *United States v. Lewis*, 626 F.2d 940, 953 (D.C. Cir. 1980) ("The oral sentence constitutes the judgment of the court and is the authority for the execution of the court's sentence."). Defense counsel are correct and the AUSA, given the opportunity to file competing authorities, has not done so.

The Court returned to this Sentencing Memorandum to try to explain its predicament. At that point, and upon renewed study of *Shepard* and *Battle*, the Court concluded that those cases are distinguishable. To be sure, both decisions state that a sentencing court can utilize charging documents to determine if a defendant qualifies as an Armed Career Criminal based on prior pleas. However, both decisions involved the first two elements of the ACCA: whether the Government had proved three prior convictions for violent felonies or serious drug offenses. For instance, the inquiry in *Shepard* related to the "disputed generic character of a prior plea," *Shepard*, 544 U.S. at 26; that is, whether the defendant had been convicted of entering a building in connection with the burglary, which the ACCA defines as a violent felony, or whether he merely entered a boat or car, which is not a violent felony under the ACCA. On that question, the Supreme Court held that limited judicial factfinding is permissible and may rest on charging documents because a district court, sentencing the defendant for a later federal crime, can "generally tell from [the charging document] whether the prior plea had 'necessarily' rested on the fact identifying the burglary as generic." *Id.* at 14.

The issue in sentencing this Defendant was not any confusion about the scope of his

-9-

prior crimes or whether they qualified as "violent felonies" within the ACCA. The issue was the third element of the ACCA: whether two of the prior offenses occurred on separate occasions. To prove this fact, the United States needed waiver, Defendant's admission, or some judicial record such as the plea colloquy, factual proffer underlying his plea, or comparable documentation. *Shepard*, 544 U.S. at 25. The United States argues that the indictment indicates that the two offenses occurred on different dates (Distribution on April 17, 1991, and Attempt Possession on September 18, 1991) and that Defendant's convictions on those two offenses therefore establish the predicate fact that the offenses were committed on different occasions. The problem with this argument is that the convictions did not "necessarily rest[ ]," *id.* at 14, on the fact that the two offenses took place on separate occasions because the date on which Defendant committed the crime was not an element of either offense. In other words, the Government did not have to prove the dates on which the conduct took place in order to convict Defendant of those offenses, so the fact that those dates are contained in the charging documents does not necessarily establish that the dates were found by the jury or admitted to by Defendant. The Court does not read *Shepard* to allow district courts to consider *any* fact that happens to be contained in a charging document — only those facts upon which the conviction "necessarily rested" are established for purposes of applying the ACCA. Thus, the Court does not find that the charging documents establish that Defendant committed the Distribution and Attempt Possession offenses on separate occasions.

### III. CONCLUSION

Without necessary proof that the prior crimes were committed on occasions different from each other, the Court was, and is, unable to find that Defendant qualifies as an Armed Career Criminal. It therefore sentenced him to a Guidelines Sentence without the ACCA enhancement.

_____
ROSEMARY M. COLLYER
United States District Judge

DATE: _25 June 2007_

-11-